[799 NYS2d 581]

In the Matter of Eugene V. Benevenia, an Attorney, Resignor.

Second Department, August 8, 2005

**APPEARANCES OF COUNSEL**

*Kevin J. Keating*, Garden City, for resignor.

*Faith Lorenzo*, Hauppauge (*Dianne M. Saccone* of counsel), for the Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Eugene V. Benevenia has submitted an affidavit dated March 25, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Benevenia was admit-

ted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 19, 1966.

Mr. Benevenia has been informed by the Grievance Committee that evidence of professional misconduct on his part has been adduced by its ongoing investigation and that charges would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee to the Court. Mr. Benevenia avers that on or about August 31, 2004, his clients Maureen J. Charron and Joan M. Charron entered into a contract to sell their home to De Ping Fu and Ju Rong Weng. On or about August 27, 2004, Mr. Benevenia received a down payment in the sum of $63,900 from the purchasers which he deposited into his attorney escrow account. Prior to the closing, the balance in his escrow account fell below the $63,900 he was required to preserve.

On or about November 29, 2004, Mr. Benevenia's client, 254th Street Realty, entered into a contract of sale to sell a home to purchasers Jeanine Ducree and Christopher Joseph. On or about November 24, 2004, Mr. Benevenia received a $20,000 down payment check from the purchasers, which he deposited into his attorney escrow account. Prior to the closing, the balance in his escrow account fell below the $20,000 he was required to preserve.

Mr. Benevenia acknowledges his inability to successfully defend himself on the merits of any disciplinary charges which could be initiated against him by the Grievance Committee based upon the facts and circumstances described herein. He avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Kevin J. Keating, and others whose advice and counsel he respects and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement as an attorney for at least seven years.

Mr. Benevenia's resignation is submitted subject to any application which can be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as the resignation complies with all pertinent Court rules, it is accepted, and effective immediately, Eugene V. Benevenia is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eugene V. Benevenia is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Eugene V. Benevenia shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eugene V. Benevenia is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Eugene V. Benevenia has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).